UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL CHADWICH CARTER,

Plaintiff,

v.

WELLS FARGO & COMPANY, et al.,

Defendants.

Case No.  24-cv-07406-DMR

**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)**

On October 23, 2024, self-represented Plaintiff Darryl Chadwich Carter filed a complaint, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for service of process. [Docket Nos. 1 (Compl.), 2 (IFP), 4 (Mot. Service).]  On November 3, 2024, Plaintiff filed a motion to amend the complaint with his first amended complaint ("FAC") attached as an exhibit. [Docket Nos. 9 (Mot. Amend), 9-2 (FAC).]  A party may amend its pleading once as a matter of course no later than 21 days after serving it.  Fed. R. Civ. P. 15(a).  The court grants Plaintiff's motion to amend the complaint and treats the FAC as the operative complaint.  The hearing on the motion to amend set for December 12, 2024 is vacated.

Having considered Plaintiff's papers, the court grants the IFP application and finds that the FAC fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a second amended complaint that addresses the deficiencies identified in this screening order by **December 10, 2024**.  Plaintiff's motion for service of process is denied as moot.[1]

I.      DISCUSSION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of

---

[1] A motion for service of process is unnecessary.  The Clerk will issue summons when the court determines that Plaintiff states a claim pursuant to 28 U.S.C. § 1915(e), or when Plaintiff pays the filing fee.

1  fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

2  fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial

3  affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28

4  U.S.C. § 1915(a) and grants the application to proceed IFP.

5  　　　　The court's grant of Plaintiff's application to proceed IFP, however, does not mean that

6  they may continue to prosecute the complaint.  A court is under a continuing duty to dismiss a

7  case filed without the payment of the filing fee whenever it determines that the action "(i) is

8  frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

9  monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

10  1915(e)(2)(B)(i)-(iii).  If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff

11  may still file the same complaint by paying the filing fee.  This is because the court's section

12  1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under

13  the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

14  　　　　To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is

15  an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin

16  v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to dismiss

17  complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.

18  *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on conclusory

19  statements, naked assertions without any factual basis, or allegations that are not plausible on their

20  face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89

21  (2007) (per curiam).

22  　　　　Although pro se pleadings are liberally construed and held to a less stringent standard than

23  those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or

24  portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

25  to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

26  554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro se

27  complaint without leave to amend unless it is absolutely clear that the deficiencies of the

28  complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

United States District Court
Northern District of California

2

2012) (quotations omitted).

Plaintiff alleges that he submitted two online consumer disputes on September 15, 2024 with his personal bank, Wells Fargo Bank, N.A. ("WFB"), regarding an $8.71 transaction from merchant X.com and a $45 transaction from merchant Visible.  FAC ¶¶ 5-6.  Plaintiff described the reason for the disputes as: "Goods or service not as described."  *Id.*  Plaintiff later clarified that he had "a very serious ongoing problem with Visible including: A.) Network Integrity; and b.) Network quality of service."  *Id.* at ¶ 11.  WFB allegedly failed to investigate the consumer disputes and closed Plaintiff's claim, stating: "We have determined the transactions were authorized or that a processing error did not occur."  *Id.* at ¶ 7.  Plaintiff then reported WFB to the Consumer Financial Protection Bureau (CFPB), but WFB made the same representations to the CFPB, and the CFPB closed the complaint.  *Id.* at ¶¶ 8-12.

Plaintiff brings claims against Defendants WFB and its parent company Wells Fargo & Company ("WFC") for intentional misrepresentation and intentional infliction of emotional distress.[2]  Plaintiff seeks a total of $3 million in compensatory damages for "losses, pain-suffering, mental duress, emotional stress, etc." and "consistent and persistent stress, worry, sleepless nights, mental pain, anguish, and suffering flowing from defendants' actions or lack thereof," as well as punitive damages and declaratory and injunctive relief.  FAC ¶¶ 20-21, 26.

### A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  A federal court may exercise either federal question jurisdiction or diversity jurisdiction.  Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States.  A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests

---

[2] Plaintiff also brings claims against 25 unknown Doe Defendants who are employed by Wells Fargo.  FAC ¶ 3.  The court does not consider the Doe Defendants for purposes of diversity jurisdiction.  *See Chess v. CF Arcis IX LLC*, No. 20-CV-01625-CRB, 2020 WL 4207322, at *2 (N.D. Cal. July 22, 2020) (finding that Doe Defendants did not destroy complete diversity).

and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id.* A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citation omitted).

Plaintiff does not claim any federal law violations that would confer federal question jurisdiction. Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332. FAC ¶ 4. Plaintiff alleges that Defendant WFC is a Delaware corporation with its principal place of business in California, making it a citizen of Delaware and California for purposes of diversity. *See* FAC ¶¶ 1-2. Under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located, not its principal place of business. *See Rouse v. Wachovia Mortg*., FSB, 747 F.3d 707, 709 (9th Cir. 2014). The court takes judicial notice that the main office of WFB is located in South Dakota, making it a citizen of South Dakota for purposes of diversity. *See id.* at 715. Although the FAC pleads that Plaintiff's "current address" is in New York, the FAC does not plead that New York is Plaintiff's permanent home or domicile. *See Kanter*, 265 F.3d at 857. Because Plaintiff's state citizenship is not clearly pleaded, the FAC does not adequately demonstrate complete diversity among the parties.

Plaintiff also has not alleged any factual basis for his claim of $3 million in damages. "Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith. *Id.* Courts "use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). Under that standard, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v.*

United States District Court
Northern District of California

4

1    *Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).  The complaint may be dismissed if it is "virtually

2    impossible for a plaintiff to meet the amount-in-controversy requirement."  *Pachinger v. MGM*

3    *Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986).

4         Plaintiff's disputed transactions amount to a total of $53.71.  FAC ¶¶ 5-6.  Therefore,

5    almost the entirety of Plaintiff's sought-after $3 million consists of emotional distress damages.

6    Plaintiff argues that Defendants' misrepresentations regarding his consumer disputes "created a

7    climate for plaintiff whereas plaintiff does not know who to trust in the consumer banking

8    business," and caused Plaintiff to open and close one or more bank accounts, negatively impacting

9    his credit score.  FAC ¶ 19.  Plaintiff also argues that he "does not know which way to turn"

10   because the CFPB failed to take action against Defendants.  *Id.* at ¶ 25.  Even liberally construing

11   the FAC, it is not facially plausible for the emotional damages stemming from Plaintiff's

12   allegations to amount to $3 million.  Plaintiff's calculation of damages is "wholly fanciful."  *See*

13   *Franklin*, 745 F.2d at 1228.  Plaintiff does not meet the $75,000 amount-in-controversy

14   requirement for diversity jurisdiction.

15        The court finds that Plaintiff has not pleaded subject matter jurisdiction.

16        **B.      Failure to State a Claim**

17        Even if the court could exercise jurisdiction over the case, Plaintiff has not met the

18   elements of a claim for intentional misrepresentation or intentional infliction of emotional distress.

19        Under California law,[3] the elements of intentional misrepresentation are: "(1) defendant

20   misrepresents material facts; (2) with knowledge of the falsity of the representations or the duty of

21   disclosure; (3) with intent to defraud or induce reliance; (4) which induces justifiable reliance by

22   the plaintiff; (5) to his or her detriment."  *625 3rd St. Assocs., L.P. v. Alliant Credit Union*, 633 F.

23   Supp. 2d 1040, 1051 (N.D. Cal. 2009).  Further, because this claim sounds in fraud, Federal Rule

24   of Civil Procedure 9(b) applies and the circumstances constituting fraud or mistake must be

25   "stated with particularity."  *Id.* at 1049 (citing Fed. R. Civ. P. 9(b)).

26        Plaintiff has not stated with particularity that Defendants misrepresented a material fact.

27

28   ────────────────

[3] "In an ordinary diversity case, federal courts apply the substantive law of the forum in which the court is located."  *Ins. Co. of N. Am. v. Fed. Exp. Corp.*, 189 F.3d 914, 919 (9th Cir. 1999).

1   Plaintiff appears to take issue with WFB allegedly characterizing the nature of his complaint as a

2   dispute about an unauthorized transaction or processing error.  A fair reading of the FAC is that

3   Plaintiff disputed the quality and integrity of the goods or services he purchased from third-party

4   vendors (X.com and Visible), having paid for those services through WFB.  FAC ¶ 15.  Plaintiff

5   alleges that WFB "lied about the basis of plaintiff's disputes."  *Id.*  This allegation is not plausible

6   on its face, because it is clear from the FAC that WFB never made any statements about the basis

7   of Plaintiff's disputes.  WFB simply stated that it had "determined the transactions were

8   authorized or that a processing error did not occur."  FAC ¶ 7.  WFB never said what Plaintiff's

9   dispute with the vendors was about.  Plaintiff does not allege that the transactions he made through

10  WFB were unauthorized or that a processing error had occurred.  Plaintiff does not explain why

11  WFB would have a legal duty to investigate the quality and integrity of goods and services

12  purchased from third parties.  Plaintiff has not alleged a misrepresentation.

13       "Under California law, the elements of intentional infliction of emotional distress are: (1)

14  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

15  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

16  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

17  defendant's outrageous conduct."  *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996)

18  (citing *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991)).  "Extreme and outrageous

19  conduct is conduct that is so extreme as to exceed all bounds of that usually tolerated in a civilized

20  community."  *Myung Chang v. Lederman*, 172 Cal. App. 4th 67, 86 (2009).  Again, Plaintiff has

21  not explained why WFB had a legal duty to do anything about his personal problems with the

22  quality of third-party goods and services.  Plaintiff has not alleged the elements of intentional

23  infliction of emotional distress.

24       Plaintiff has not stated a claim.

25  **II.     CONCLUSION**

26       For the reasons above, the court **grants** Plaintiff's IFP Application and finds that the

27  complaint fails to demonstrate subject matter jurisdiction and also fails to state a claim pursuant to

28  28 U.S.C. § 1915(e).  Plaintiff must file a first amended complaint addressing the deficiencies

United States District Court
Northern District of California

identified in this order by **December 10, 2024.** If Plaintiff does not file a timely first amended complaint, the court will recommend that this action be dismissed. The Case Management Conference set for January 29, 2025 is vacated and will be re-set by the court at a later date if appropriate.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: November 18, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California

7