UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL CHADWICH CARTER,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 24-cv-07406-JD<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS** |

In Darryl Chadwich Carter's pending appeal, the Ninth Circuit made a limited referral back to this Court to determine whether a prior grant of in forma pauperis (IFP) status should continue, or whether the appeal is frivolous or taken in bad faith. Dkt. No. 28.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or to give security for fees and costs", (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). But even if a party provides proof of indigence, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

The appeal is frivolous.  In the order granting IFP status to plaintiff, Magistrate Judge Ryu screened the complaint pursuant to 28 U.S.C. § 1915(e) and dismissed with leave to amend to "address[] the deficiencies identified in this screening order by December 10, 2024."  Dkt. No. 10 at 1 (emphasis omitted).  As the Court noted in its order adopting Magistrate Judge Ryu's subsequent Report and Recommendation and dismissing the case without prejudice, plaintiff failed to amend despite being given the opportunity to do so, "repeatedly ignored court orders and deadlines," and his other filings were not "germane to the report and recommendation."  Dkt. No. 24 at 2.  Plaintiff's most recent notice of appeal does not address the deficiencies in the complaint identified by Magistrate Judge Ryu's screening order, namely the absence of allegations plausibly stating a claim or plausibly establishing subject-matter jurisdiction.  Instead, it makes plainly implausible allegations against the Court, which have nothing to do with the consumer-fraud claims alleged in the complaint.  *See* Dkt. No. 26 at 1 (alleging the Court is "involved in a 'Black Ops' criminal cover up campaign via the Biden Administration and the Trump Administration," which allegedly "reeks of white politicians, and judges . . . who have colluded" to strip plaintiff of his rights).

In these circumstances, revocation of IFP status is warranted.  Plaintiff did not present a "non-frivolous" claim despite ample opportunity to do so.  The Clerk is requested to forward this order to the Ninth Circuit in Case No. 25-699.

**IT IS SO ORDERED.**

Dated: April 25, 2025

JAMES DONATO
United States District Judge